FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 FEB -1 PM 2: 05

CLERK_____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

MELISHA L. JOHNSON,        *

     Petitioner,        *

     vs.             *     CV 112-006
                       *     (formerly CR 111-136)

UNITED STATES OF AMERICA,  *

     Respondent.       *

## O R D E R

On January 12, 2012, Petitioner Melisha L. Johnson filed a motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. On June 29, 2012, the United States Magistrate Judge issued a Report and Recommendation, recommending that the case be dismissed based upon the appeal and collateral attack waiver contained in Petitioner's plea agreement in the underlying criminal case. Petitioner filed several motions to extend time within which to file objections to the Report and Recommendation and several motions seeking miscellaneous relief.

On September 11, 2012, during the extended objection period, Petitioner filed a "Motion to Address Court," in which she attacks the validity of her guilty plea (and therefore her appeal and collateral attack waiver). By Order of October 29, 2012, this Court explained that it would consider the

assertions and arguments contained in the "Motion to Address Court" as objections, but Petitioner was granted another thirty-two days to file additional objections. On December 3, 2012, this Court granted yet another motion to extend time within which Petitioner could file objections to the Report and Recommendation. The objection period was set to close on December 28, 2012. Instead of filing any additional objections, however, Petitioner filed a motion to voluntarily dismiss her § 2255 petition on December 26, 2012. The United States opposes the dismissal of the case and asks the Court to rule on the merits of its motion to dismiss.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), a court may dismiss an action at the plaintiff's request "on terms that the court considers proper." Generally speaking, this discretion afforded the district court is to prevent unfair prejudice to the opposing party. In this regard, the Government states that Petitioner "already has consumed significant government and Court resources by pursuing" the motion as she has in the past year. (Doc. No. 42, at 2.) The Court agrees.

Here, Petitioner simply wants a "do-over." In her motion to dismiss, Petitioner explains that she wants her voluntary dismissal conditioned on a court order allowing her to submit a new § 2255 motion "which shall supersede all previously filed documents for post conviction relief in this case."

(Doc. No. 41, ¶ 2.) Yet, Petitioner does not sufficiently justify such a request. Indeed, she has had ample opportunity to include any additional argument, evidence, or claim in the instant proceeding that she may have. Accordingly, Petitioner's motion for a voluntary dismissal of the case (doc. no. 41) is **DENIED**.

As delineated above, Petitioner has had more than adequate time to file objections to the Report and Recommendation of June 29, 2012. After a careful, *de novo* review of the file and the objections contained not only in Petitioner's "Motion to Address Court" of September 11, 2012 but her motion to dismiss filed on December 26, 2012, the Court concurs with the well-reasoned and thorough Report and Recommendation in its entirety. In fact, Petitioner's only claim that may give a reviewing court any pause is her claim that her counsel assured her that her sentence would be 18 to 24 months imprisonment and that she would not have to pay restitution without the benefit of the contributions from other persons involved in the crime. To reiterate the findings of the Report and Recommendation, Petitioner was pointedly asked at her guilty plea hearing whether "anybody [had] given [her] any other deal or promise or hope of benefit" to induce her guilty plea, and she was asked whether "anybody [had] given [her] any prediction or prophesy or guarantee about what sentence" would be imposed in the case.

To both questions, which are designed to elicit the kind of assurances of which she now complains, Petitioner stated: "No, sir."[1]   In short, Petitioner's current claim is flatly contradicted by her testimony given under oath at the guilty plea hearing.[2]

To the extent that any of Petitioner's filings in the past six months may be construed as objections to the Report and Recommendation, they have been considered and are hereby **OVERRULED**.  Upon the foregoing, the Magistrate Judge's Report and Recommendation of June 29, 2012 is **ADOPTED** as the opinion of the Court.  Therefore, the Government's motion to dismiss (doc. no. 5) is **GRANTED,** the instant § 2255 motion is **DISMISSED,** and this civil action is **CLOSED**.  The Clerk is directed to **TERMINATE** any other pending motion in the case.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of February, 2013.

UNITED STATES DISTRICT JUDGE

---

[1]   This colloquy is located in the guilty plea hearing transcript, doc. no. 37, at 16.

[2]   When Petitioner was placed under oath at the guilty plea hearing, the presiding judge explained that the reason for doing so was to "make sure that I get the most reliable information from you."  (Doc. No. 37, at 3.)