IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| v. | * | CR 111-136 |
| | * | |
| MELISHA L. JOHNSON | * | |

O R D E R

Before the Court is Defendant's motion, received on February 8, 2016, concerning the amount of money being taken from her prison account for the payment of court-ordered restitution. On September 19, 2011, Defendant was sentenced to 144 months imprisonment to be followed by 3 years supervised release. She was also ordered to pay restitution in the amount of $409,495.84 and $100 special assessment.

With respect to the payment of restitution, the Judgment and Commitment Order provides as follows:

> [N]ominal payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR shall be made. Upon release from imprisonment and while on supervised release, nominal payments of a minimum of $200 per month shall be made.

(Doc. No. 22, at 7.) Through her present motion, Defendant complains that the Bureau of Prisons is taking $30 a month from her prison account even though she is working a non-UNICOR job. Defendant insists that she is only able to pay $25 quarterly. Defendant asks that this Court "enforce [the]

payment schedule set forth . . . at sentencing" such that the Bureau of Prisons should take only $25 quarterly from her account.

The schedule of payment imposed upon this Defendant is not unlike the schedule of payments imposed on most every other criminal defendant sentenced with a monetary penalty. In her motion, it appears Defendant misses that the $25 quarterly payment is only a "*minimum*" payment. This word is included to give a certain amount of discretion to the Bureau of Prisons to determine the amount of restitution Defendant is able to pay. Generally speaking, the Bureau of Prisons considers the balance in an inmate's trust account over a period of time in setting a payment schedule. The more money maintained in the account, the more an inmate will be expected to pay. At this point, Defendant has provided no evidence that this is not the case or that she has been treated arbitrarily, discriminatorily or invidiously. In short, Defendant has not presented a compelling reason to modify her restitution payment and thus, be treated differently than any other criminal defendant ordered to pay restitution. Accordingly, Defendant's motion (doc. no. 140) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of February, 2016.

UNITED STATES DISTRICT JUDGE